**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: October 16 2015

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-34156 |
| | ) | |
| Xunlight Corporation, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO STRIKE AFFIDAVIT

This case is before the court on the Motion to Strike Affidavit of Robert Cohen filed by Creditor Iland Green Technologies, S.A., ("Motion") [Doc. # 120], and the Chapter 7 Trustee's response, [Doc. # 121]. For the reasons that follow, the Motion will be denied.

A petition for relief under Chapter 7 of the Bankruptcy Code was filed on behalf of Debtor Xunlight Corporation on November 14, 2014. After conducting the first meeting of creditors, the Trustee filed an application to employ the Centrus Group, Inc., as his financial advisor ("Application") for the purpose of investigating and assisting in prosecuting potential claims against third parties. The court held a hearing on the Application but deferred ruling on it in order to allow the Trustee to file a revised form of engagement letter to address certain issues raised at the hearing and to then allow Creditor Iland Green Technologies, S.A. ("Iland Green") an opportunity to comment on the revised document. The Trustee filed the revised engagement letter, and Iland Green responded by filing a limited objection to the Application. In addition to filing a response to Iland Green's objection, the Trustee filed the affidavit of Robert Cohen

in further support of the Application [Doc. # 117].

In his affidavit, Cohen avers that he has undertaken an initial investigation of Debtor's financial affairs with the goal of discovering any claims held by Debtor that could benefit Debtor's estate and allow for a distribution to unsecured creditors. [*Id.* at ¶ 3]. In paragraph five of his affidavit, Cohen avers that his initial investigation has yielded certain information, which he lists therein, "which may, upon further investigation, enable the Trustee to make a recovery for the estate." [*Id.* at ¶ 5]. However, he further avers that certain records and files still need to be located and obtained, namely, board meeting minutes for 2010 through 2014, financial reports for 2013 and 2014, an updated list of board members from 2009 through 2014, and audited financial statements. [*Id.* at ¶ 6]. According to Cohen, based upon his initial investigation, it is his professional opinion "that further investigation of the Debtor's financial affairs is necessary and will likely yield a benefit to the Debtor's bankruptcy estate." [*Id.* at ¶ 7].

In its Motion, Iland Green argues that Cohen and the Centrus Group, Inc. cannot competently and/or impartially review the Debtor's records and provide reliable information to the Trustee. The basis of its argument and the basis of its request to strike Cohen's affidavit is its contention that some of the information obtained in Cohen's initial investigation that is set forth in paragraph five is inaccurate and/or false, which in support it offers the affidavit of Louis Philippe Antunes, a former consultant of Iland Green and former CEO of Debtor. However, disagreement with facts alleged in an affidavit is not a basis to strike it from the record.

Furthermore, the information set forth in paragraph five that Cohen avers was obtained in his initial investigation is not offered to prove the truth of the information obtained. The affidavit is offered solely in support of the Application to employ Centrus Group, Inc. Cohen acknowledges that he does not have all of the necessary information and that further investigation is required. Although Iland Green characterizes the information listed in paragraph five as "inaccurate and patently false . . . conclusions" of Cohen, [Doc. # 120, p.2], the only "conclusion" set forth in the affidavit is Cohen's opinion based upon his initial investigation that further investigation is necessary that will likely yield a benefit to Debtor's estate. As the Trustee correctly contends, the truth of any information obtained will be for the trier-of-fact, if and when any claim is pursued by him.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion to Strike Affidavit of Robert Cohen [Doc. # 120] be, and hereby is, **DENIED.**

###