The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: October 16 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-34156 |
| | ) | |
| Xunlight Corporation, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER GRANTING MOTION TO QUASH SUBPOENA

This case is before the court on the Chapter 7 Trustee's motion to quash a subpoena issued by Creditor Iland Green Technologies, S.A. [Doc. # 122]. For the reasons that follow, the Trustee's motion will be granted.

A petition for relief under Chapter 7 of the Bankruptcy Code was filed on behalf of Debtor Xunlight Corporation on November 14, 2014. After conducting the first meeting of creditors, the Trustee filed an application to employ Centrus Group, Inc., as his financial advisor ("Application") for the purpose of investigating and assisting in prosecuting potential claims against third parties. The court held a hearing on the Application but deferred ruling on it in order to allow the Trustee to file a revised form of engagement letter to address certain issues raised at the hearing and to then allow Creditor Iland Green Technologies, S.A. ("Iland Green") an opportunity to comment on the revised document. In addition to filing a revised engagement letter, the Trustee filed the affidavit of Robert Cohen, president of Centrus Group, Inc., in further support of the Application [Doc. # 117].

In his affidavit, Cohen avers that he has undertaken an initial investigation of Debtor's financial affairs with the goal of discovering any claims held by Debtor that could benefit Debtor's estate and allow for a distribution to unsecured creditors. [*Id.* at ¶ 3]. Although Cohen avers that there is still additional information to be obtained, in paragraph five of his affidavit, he states that his initial investigation has yielded certain information, which he lists therein, "which may, upon further investigation, enable the Trustee to make a recovery for the estate." [*Id.* at ¶¶ 5 & 6].

In response to the affidavit, Iland Green filed a motion to strike the affidavit, arguing that at least some of the information obtained by Cohen that is set forth in paragraph five is inaccurate or false. By separate order, the court denied the motion to strike. On September 4, 2015, Iland Green issued a subpoena to Cohen that would require him to produce all documents that support and that contradict the information listed in paragraph five of his affidavit.

As explained in the court's order denying Iland Green's motion to strike Cohen's affidavit, the affidavit was not offered to prove the truth of the information obtained but only to support the application to employ Centrus Group, Inc. Paragraph five and six of the affidavit state that the information set forth therein was obtained in Cohen's *initial* investigation only and that all of the necessary information had not yet been obtained. While the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure permit discovery under certain circumstances, *see* Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026 & 2004, such circumstances do not exist with respect to the subpoena issued by Iland Green.

The goal of any investigation by Cohen is to make a determination as to whether any claims exist that could benefit Debtor's estate and its unsecured creditors. While parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," *see* Fed. R. Civ. P. 26(b)(1), no claim has yet been asserted in this case against Iland Green or any other party. Thus, Rule 26 does not provide authority for Iland Green's issuance of a subpoena to Cohen.

A subpoena may also be issued for the purposes stated in Rule 2004 of the Federal Rules of Bankruptcy Procedure if so ordered in the exercise of the court's discretion and only on motion of a party in interest. *See* Fed. R. Bankr. P. 2004(a) & (c). While Iland Green is a party in interest in this case, it has not filed a motion for Rule 2004 exam of Cohen.

Finally, the court agrees with the Trustee that Iland Green's need for the requested documents is, at this juncture, questionable since the only matter before the court is whether Cohen, on behalf of Centrus Group, Inc., is qualified to be employed by the estate and not whether the information gleaned from an initial investigation will ultimately support a claim against Iland Green or any other party.

2

**THEREFORE,** for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion to Quash Subpoena [Doc. # 122] be, and hereby is, **GRANTED.**

###

3

14-34156-maw    Doc 126    FILED 10/16/15    ENTERED 10/16/15 12:15:25    Page 3 of 3